UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ENHANCED PREPAID DISTRIBUTION, INC.,
and DIAMOND PHONE CARD, INC.,

           Plaintiffs,

    -v-

TELEPHONE ELECTRONICS CORPORATION,
DIGITEC 2000, INC., WALTER J. FRANK,
JR., JOSEPH FAIL, CLOYCE C. CLARK, JR.,
and DIEGO ROCA,

           Defendants.
------------------------------------X

05 Civ. 2491 (DLC)

OPINION AND ORDER

3-05CV1197-M

Appearances:

For the Plaintiffs:

Rae Downes Koshetz
Edward W. Hayes, P.C.
515 Madison Avenue, 30th Floor
New York, New York 10022

For the Defendants:

Steven D. Karlin
Platzer, Swergold, Karlin, Levine,
Goldberg & Jaslow, LLP
1065 Avenue of the Americas, 18th Floor
New York, New York 10018

DENISE COTE, District Judge:

    Having removed this action from state court, defendants seek to transfer it to the Northern District of Texas ("Texas"). Plaintiffs cross-move to remand. The parties principally debate whether there is "related to" bankruptcy jurisdiction over the action pursuant to 28 U.S.C. § 1334. Finding that there is subject matter jurisdiction over the action, it is transferred to Texas.

**BACKGROUND**

In brief, this dispute arises from the sale of a business associated with the defendants to an entity associated with the plaintiffs. The business that was sold -- TecNet, Inc. ("TecNet"), a Mississippi corporation with its principal place of business in Texas -- is now in bankruptcy and the money to be paid to the defendants for the sale of TecNet has not been released from escrow. This lawsuit is the latest in a series of actions brought to gain control over the escrow funds.

The defendants want the money associated with TecNet's sale, and the plaintiffs have brought the instant lawsuit to prevent the funds being held in escrow from being released to the defendants. The allegations in this action replicate allegations the plaintiffs have made in proofs of claim filed in TecNet's bankruptcy. Meanwhile, the defendants in the instant action are litigating in Texas for release of the funds held in escrow and want this action transferred to Texas to join the other lawsuits about those funds that are pending there. Although the plaintiffs have not named TecNet's trustee in bankruptcy as a party to the instant action, the trustee also has declared the estate's interest in these same funds. The trustee has filed an adversary proceeding in Texas in which the trustee seeks to gain control of the funds held in escrow for the benefit of TecNet. A more detailed history of the intertwined litigations follows.

The defendants in the instant action are Telephone Electronics Corp. ("TEC"), Digitec 2000, Inc. ("Digitec"), Walter J. Frank, Jr. ("Frank"), and three other individuals. TEC owned all of the outstanding stares of common stock to TecNet.

TecNet filed for bankruptcy in 2004, and is currently subject to a Chapter 7 bankruptcy proceeding in Texas. TecNet is the owner of all of the outstanding shares of Enhanced Global Convergence Services, Inc. ("EGCS").

The plaintiffs in the instant action are Enhanced Prepaid Distribution, Inc. ("EPD") and Diamond Phone Card Inc. Plaintiff EPD formed limited liability company ePIN Services, LLC ("ePIN"). ePIN and defendant TEC entered into a stock purchase agreement in which ePIN agreed to purchase all of the outstanding shares of common stock of TecNet (and effectively EGCS) for $4.4 million, with $2.4 million to be held in escrow by New York attorney Robert M. Simels ("Simels"). On May 5, 2004, the TecNet and EGCS stock certificates were apparently delivered to Simels, but Simels did not release the escrow funds to TEC. The plaintiffs allege that TEC failed to provide Simels with documentation showing that the stock certificates it was delivering were free of liens and other encumbrances. On July 1, 2004, TEC filed an action against Simels in the United States District Court for the Northern District of Texas seeking an order requiring Simels to deliver the escrow funds to TEC ("First Action").

There is a second Texas action concerning assets held by Simels. Before its bankruptcy, TecNet executed a promissory note for $10 million ("Note"), which was secured by a security interest in TecNet's accounts, inventory and equipment. The Note was assigned to ePIN for $5 million, which was to be paid through a $1 million cash payment and a $4 million promissory note, both of which were to be placed in escrow with Simels. In June 2004, Simels refused to release either the $1 million or $4 million

note.  On July 9, 2004, Frank filed an action against Simels in the United States District Court of the Northern District of Texas seeking recovery of the $1 million in cash ("Second Action").

There is a third action against Simels filed as an adversary proceeding by the TecNet bankruptcy trustee ("Trustee") in August 2004 ("Adversary Proceeding").  The Trustee alleges that the escrow funds held by Simels, and subject to the two actions just described, are property of the TecNet bankruptcy estate, and that they were preferentially and fraudulently transferred.  The Trustee seeks a judgment against Simels for turnover, actual damages, imposition of a constructive trust, and to set aside the transfer of EGCS stock for the benefit of the estate.  In August, the Trustee made a demand upon the individual defendants in this action that echoes the allegations made by the plaintiffs in the instant action.  In September 2004, TEC filed a motion to intervene and to assert a cross-claim against Simels.  After its motion to intervene was granted, TEC discontinued the First Action without prejudice.  In September 2004, Frank and related entities filed a motion to intervene in the Adversary Proceeding; that motion was granted.

In January 2005, the District Court withdrew the reference for the Adversary Proceeding.  All pretrial matters in the Adversary Proceeding remain before the Bankruptcy Court.  In February, Simels filed an answer to TEC's cross-claim in the Adversary Proceeding.  In March, Frank and his related entities filed a cross-claim against Simels.

Meanwhile, in September 2004, both ePIN and plaintiff EPD filed proofs of claim in the TecNet bankruptcy. ePIN's claim is based upon the Note assigned to ePIN. EPD's claim is for loss of business and profits and for over-payment for the benefit of TecNet. EPD alleges that TecNet made false representations to EPD that DigiTec was losing money when TecNet knew that DigiTec was misappropriating money. It also makes allegations about requests to accelerate payment of accounts receivable, and payments of almost $6 million to TecNet in excess of what EPD actually owed TecNet.

The instant action was filed in state court in New York on February 28, 2005. As noted, the plaintiffs' claims arise from the same facts which form the basis of EPD's proof of claim in the TecNec bankruptcy and the Adversary Proceeding. The plaintiffs seek an order prohibiting the defendants from removing from escrow the $3.4 million held by Simels. On March 2, TEC removed the action based on 28 U.S.C. §§ 1332, 1334, 1441, and 1452. On March 14, the defendants moved to transfer the action to Texas. On March 30, the plaintiffs opposed the transfer and moved for remand. The competing motions were fully submitted on May 5.

**DISCUSSION**

The first issue to address is whether there is federal subject matter jurisdiction over this action. The defendants contend that there is diversity jurisdiction and also jurisdiction based on the fact that this action is "related to" TecNet's bankruptcy.

5

There is no diversity jurisdiction. The plaintiffs have shown and the defendants do not contest that Digitec is listed by the New York Secretary of State as an inactive corporation and that it last conducted business in New York. When a corporation is inactive at the time a lawsuit is filed, its principal place of business is deemed to be the last place that it conducted business. Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp., 101 F.3d 900, 907 (2d Cir. 1996); Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 141 (2d Cir. 1991).

The law regarding removal of cases on the ground that they are related to bankruptcy proceedings was recently described in In re WorldCom, Inc. Sec. Litig., 293 B.R. 308 (S.D.N.Y. 2003), and that description of the law is incorporated by reference here. In brief, Section 1452(a) of Title 28, United States Code, permits the removal to federal court of any claim over which a federal district court has jurisdiction pursuant to Section 1334 of Title 28, United States Code. A civil proceeding is related to bankruptcy and removable if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Id. at 317 (citation omitted).

In this action, the plaintiffs seek control over the same assets that the Trustee seeks in the Adversary Proceeding and that the plaintiffs themselves are litigating before the Bankruptcy Court through the filing of their proof of claim. The plaintiffs and the Trustee both assert that the defendants drained TecNet of assets and that the funds held in escrow must be returned to TecNet. This set of allegations, particularly

when combined with the filing of the proof of claim and the existence of the Adversary Proceeding, provide jurisdiction over this action as related to TecNet's bankruptcy.

The discussion of the motion for transfer can be brief, since the plaintiffs make no developed argument against the transfer of this action. As the description above indisputably demonstrates, this action should be transferred to Texas pursuant to Title 28, United States Code, Section 1404(a), where its management can be coordinated with the related litigation. See Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 112 (2d Cir. 2001); Capital Currency Exch., N.V. v. National Westminster Bank PLC, 155 F.3d 603, 607 (2d Cir. 1998); In re Manville Forest Prods. Corp., 896 F.2d 1384, 1391 (2d Cir. 1990). The plaintiffs may renew their motions for abstention and remand on equitable grounds before that court.

## CONCLUSION

The defendants' motion to transfer this action to the Northern District of Texas is granted. Plaintiffs' motion to remand this action is denied.

SO ORDERED:

Dated: New York, New York
May 26, 2005

                                               _/s/ Denise Cote_
                                                  DENISE COTE
                                   United States District Judge

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _Salvatore Coretto_
DEPUTY CLERK